540 S.E.2d 178

Martha Fay SETTLE, now Martha Fay Bibb, Plaintiff Below, Appellee,

v.

James Woodrow SETTLE, Jr., Defendant Below, Appellant.

No. 27683.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2000.

Decided Nov. 3, 2000.

Belinda S. Morton, Esquire, Fayetteville, West Virginia, Attorney for Appellant.

Tanya L. Godfrey, Esquire, Mt. Hope, West Virginia, Child Advocate Attorney Bureau for Child Support Enforcement.

PER CURIAM:

■ The Appellant, James Woodrow Settle, Jr., appeals from the October 1, 1999, order of the Circuit Court of Fayette County, wherein the lower court concluded that the Appellant could only receive credit for all sums paid by the Social Security Administration to his dependents pursuant to *Farley v. Farley*, 186 W.Va. 263, 412 S.E.2d 261 (1991), beginning on May 30, 1996, the date he filed his petition for modification of child support. The Appellant argues that the circuit court erred in concluding that he was entitled to credit toward his child support arrearage for the dependent's benefits paid by Social Security only from the date he filed his petition for modification. Based upon our review of the parties' briefs,[1] the record and all other matters submitted before this Court, we agree with the Appellant that the lower court erred in failing to give the Appellant credit for the entire amount of Social Security disability payments made to his children, dating back to his date of disability. Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.

## I. FACTS

The Appellant and, Martha Fay Settle, now Martha Fay Bibb, were divorced on September 6, 1985. There were two children born of the marriage. The divorce decree directed the Appellant to pay Ms. Bibb child support in the amount of $75 per month for each child for a total monthly child support payment of $150. Subsequently, the Appellant filed for and received, Social Security disability benefits with an effective date of June 1987.[2] The Appellant notified Ms. Bibb of his entitlement to Social Security disability benefits. As a result of the Appellant's entitlement to Social Security benefits, Ms. Bibb sought and received Social Security benefits for the children, beginning in June of 1987. These benefits exceeded the Appellant's monthly child support obligation under the decree of divorce.

Apparently, when the Appellant was awarded Social Security disability benefits for himself and his dependent children, he ceased paying child support. Ms. Bibb never sought enforcement of the child support awarded to her children pursuant to the divorce decree. On or about April 24, 1996, the Appellant received notification from the Child Support Enforcement Division ("BCSE" or "Appellee")[3] that initiation of withholding from his Social Security benefits would begin.[4] The Appellee sought approxi-

---

1. Martha Fay Bibb did not file any responsive brief with this Court relative to the instant matter. The West Virginia Department of Health and Human Resources Bureau for Child Support Enforcement, however, filed a brief responsive to the Appellant's brief and will be referred to as the Appellee for purposes of this opinion.

2. While the exact nature of the Appellant's disability is unclear, the Appellant's brief indicates that he has lost both of his legs.

3. We are concerned about what caused this notification to be sent in the first place. There is no evidence in the record that either the Appellant's former wife or his children sought enforcement of the original child support award. While we are cognizant of the BCSE's statutory authority to bring such actions, the record in the instant case is devoid of any evidence that the Appellant was in arrears despite the credit, was trying to conceal assets or was otherwise acting in bad faith. *See infra* note 4. We certainly trust that when such notifications are sent by the BCSE and it becomes clear from documentation that the child support obligor is entitled to a credit for dependent's benefits paid by Social Security, or by any other private insurance company, to the obligor's child(ren), the BCSE will treat such payments as a presumptive credit against any arrearage and refrain from instituting any further legal action unless other opposing facts plainly warrant such action.

4. West Virginia Code § 48A–5–3 (Supp.2000) provides, in pertinent part:

(a) The withholding from an obligor's income of amounts payable as spousal or child

mately $20,000 in arrearage, in addition to approximately $20,000 in accrued interest. In response to the Appellee's notification, on or about May 30, 1996, the Appellant filed a petition to modify his child support payments, seeking credit for all sums paid by the Social Security Administration to his dependents.[5] The family law master found that Social Security benefits appeared to be the Appellant's only source of income. The family law master, however, ruled that the Appellant could receive credit only from the date he filed his petition for modification. The circuit court, upon a petition for review, denied said petition and affirmed the family law master's decision. This appeal ensued.

## II.  ISSUE

The crux of the appeal is whether the Appellant should have received credit for all the Social Security dependent's benefits that his children received regardless of the date he filed his petition for modification of the original child support order. The Appellant maintains that he met the criteria enunciated

support shall be enforced by the child support enforcement division in accordance with the provisions of section fifteen-a or fifteen-b [§ 48–2–15a or § 48–2–15b], article two, chapter forty-eight of this code. Every support order heretofore or hereafter entered by a circuit court or a magistrate of this state and every support order entered by a court of competent jurisdiction of another state shall be considered to provide for an order of income withholding in accordance with the provisions of said sections, notwithstanding the fact that such support order does not in fact provide for such an order of withholding. A withholding may be instituted under this section for any arrearage without the necessity of additional judicial or legal action.

(b) When immediate income withholding is not required due to the findings required by subsection (c), section fifteen-b [§ 48–2–15b(c)], article two, chapter forty-eight of this code, the child support enforcement division shall mail a notice to the obligor pursuant to this section when the support payments required by the order are in arrears in an amount equal to:

(1) One month's support, if the order requires support to be paid in monthly installments;

(2) Four weeks' support, if the order requires support to be paid in weekly or biweekly installments; or

(3) Two biweekly installments, if biweekly payments are provided.

in *Farley* for retroactive credit toward his child support arrearage. *See* 186 W.Va. at 264, 412 S.E.2d at 262, Syl. Pts. 1 and 2. Conversely, the Appellee argues that the lower court did not err in its decision that the Appellant failed to meet the good faith requirement of *Farley*. *Id.*, Syl. Pt. 2. The Appellee maintains that the Appellant waited some nine years after he was awarded Social Security disability benefits before seeking a modification of his child support obligation.

## III.  DISCUSSION

Because resolution of this case necessarily involves an application of our prior decision in *Farley*, we begin by revisiting that case. In *Farley*, the appellant and the appellee were divorced in 1982 and Mr. Farley was ordered to pay $150 per month per child during the months he was employed. Mr. Farley became disabled in 1986; however, he continued to pay child support when he could. On November 16, 1989, the Social Security Administration determined that Mr. Farley was totally disabled as of May 5, 1986.

(c) When withholding is required by either subsection (a) or (b) of this section, the child support enforcement division shall send by first class mail or electronic means to the obligor notice that withholding has commenced. W. Va.Code § 48A–5–3.

Additionally, the United States District Court for the Southern District of West Virginia noted in *Roush v. Roush*, 767 F.Supp. 1344 (S.D.W.Va.), *aff'd*, 952 F.2d 396 (4th Cir.1991), *cert. denied*, 504 U.S. 913, 112 S.Ct. 1948, 118 L.Ed.2d 552 (1992), that "[t]he West Virginia Legislature vested the Child Advocate Office with complete responsibility for enforcing child and spousal support orders, and granted it the power to require suggestion of wages as a means of accomplishing that goal." 767 F.Supp. at 1349. In *Belcher v. Terry*, 187 W.Va. 638, 420 S.E.2d 909 (1992), this Court also acknowledged that "the statute imposes a mandatory duty on the CAO [Child Advocate Office] to enforce" the provisions of West Virginia Code § 48A–5–3(a). 187 W.Va. at 644, 420 S.E.2d at 915.

5.   According to the Appellant, from May 30, 1996, to September 7, 1999, the case was before the family law master awaiting calculations from the Social Security Administration, the BCSE and an appearance by Ms. Bibb. During this time period, the Appellant states that Ms. Bibb never objected to the Social Security benefits being applied as a credit toward his child support arrearage.

Mrs. Farley received a lump sum payment of $7,871.25 for the dependent children. Mrs. Farley also began receiving $411 per month in Social Security dependent's benefits for the children. In 1990, the family law master found Mr. Farley to be $3,283 in arrears. The issue before the Court was whether Mrs. Farley's check for $7,871.25 should be credited against Mr. Farley's child support arrearage of $3,283. *Id.* at 265, 412 S.E.2d at 263.

We concluded that Mr. Farley should have received credit for the lump sum payment, dating back to the date of disability, of dependent's benefits his children received from the Social Security Administration, based upon the following holdings:

> Social security is similar to a private insurance contract and benefits paid to dependents directly are presumptively credits against the insured's support obligation; however, to receive credit a debtor spouse must immediately make a motion before the circuit court to have such benefits credited against arrears and to have a new court order governing future payments that take social security benefits into account.
>
> In the single instance of benefits paid to dependents directly by the Social Security Administration, a court *may* give retroactive credit when: (1) the debtor spouse has acted in good faith and has promptly sought court approval of the credit of social security against child support; (2) in the discretion of the trial court, there were no other assets reasonably available from which child support payments could have been paid; and (3) there were no other changes in circumstances that, in their totality, militate against awarding credit.

*Id.* at 264, 412 S.E.2d at 262, Syl. Pts. 1 and 2.

Thus, in *Farley*, we allowed Mr. Farley's child support arrearage to be fully credited with the lump sum payment his children received from the Social Security Administration for the period beginning with Mr. Farley's date of disability. *Id.* at 265, 412 S.E.2d at 263. Our ruling in *Farley* neither limited the retroactive credit to the date the motion for modification was filed nor made

any suggestion to that effect. *See* W. Va. Rs. Prac. & P. Fam. L. 19 and 29.

The holding and application of *Farley* may be viewed as an aberration from our prior decisions in which we expressed our reluctance to retroactively modify child support payments. We recognized that precedent in *Farley*, stating that "[w]e have been Rhadamanthine in our pronouncements that support payments can be modified only prospectively and not retroactively." *Id.* at 266, 412 S.E.2d at 264 (citing *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987); *Zirkle v. Zirkle*, 172 W.Va. 211, 304 S.E.2d 664 (1983)). But in *Farley*, just as in this case, we were not asked to modify the monthly child support obligation, but only to apply a credit of monies paid by the Social Security Administration to the children on the obligor's behalf to satisfy the obligation. In deciding to allow such credit, we stated in *Farley* that:

> Nonetheless, whenever a court attempts to fashion legal rules, it is important to be guided by reality and not by theory. The case of Mr. and Mrs. Farley is instructive because here we have struggling people from the blue collar class. Mrs. Farley is currently represented by the Child Advocate Office for free, and although Mr. Farley's brief in the case before us was written by a private lawyer, one would suspect that if Mr. Farley is paying full freight, it is only because of his back social security award. In any event, Mr. Farley is not the type of person who consults his lawyer on a daily basis to make sure that his life is lived in conformity with the headnotes in our latest advance sheets.

186 W.Va. at 266, 412 S.E.2d at 264. We also made it abundantly clear in *Farley* that our holding was strictly limited to "the single instance of benefits paid to dependents directly by the Social Security Administration," or similar private insurance, where the fact that payments were made and received by the child(ren) or on the child(ren)'s behalf can be unequivocally established by documentation from the institution making the payments. *See id.* at 264, 412 S.E.2d at 262, Syl. Pt. 2, in part.

In the instant case, the BCSE, the family law master and the circuit court all focused

their respective decisions that the Appellant should not receive full retroactive credit for the Social Security dependent's benefits paid to his children solely on the Appellant's nine year delay in applying for a modification of child support payments.[6] The Appellee contends that this delay defeats the requirement in *Farley* that the Appellant "promptly s[eek] court approval of the credit of social security against child support." *Id.* at 264, 412 S.E.2d at 262, Syl. Pt. 2, in part. We disagree. Just like the appellant in *Farley*, it is clear that the Appellant in this case "is not the type of person who consults his lawyer on a daily basis to make sure that his life is lived in conformity with the headnotes in our latest advance sheets." *Id.* at 266, 412 S.E.2d at 264. The evidence indicates that as soon as the Appellant was put on notice by the BCSE that there was a claim of arrearage regarding his child support payments, he "promptly sought court approval of the credit of social security against child support." *Id.* at 264, 412 S.E.2d at 262, Syl. Pt. 2, in part. But for this notice, there is no evidence in the record that would indicate to the Appellant that there was otherwise a problem with his child support obligation. To the contrary, the Appellant believed that his child support obligation to his children was covered by the dependent's benefits they received from Social Security because of his disability.[7] Further, the Appellant's former wife never sought enforcement of the original child support order, because she was receiving more money on a monthly basis from the Social Security Administration for her children then she would have received from the Appellee pursuant to the court ordered amount of child support. Thus, we conclude that the lower court abused its discretion in limiting the retroactive application of the credit for the Social Security dependent's benefits paid to the date the motion for modification was filed.

Based on the foregoing, the lower court's decision is reversed and remanded for entry of an order which allows the Appellant to receive full credit for the entire amount of monies his dependent children have received from the Social Security Administration with such funds being applied to reduce his child support arrearage.

Reversed and remanded.

---

**6.** Regarding the other *Farley* requirements, there was no evidence that the Appellant was acting in bad faith in failing to make his payments and there were no other circumstances or changes in circumstances that militate against granting the Appellant the credit he seeks. Additionally, the family law master found that the Appellant's only source of income was his Social Security benefits. *See* 186 W.Va. at 264, 412 S.E.2d at 262, Syl. Pt. 2.

**7.** Based upon the record before this Court, it appears that after application of the credit, there should be no arrearage left regarding the Appellant's child support obligation. If this is not the case, we in no way intend by this decision to alleviate or reduce any remaining child support arrearage that may exist.