600 S.E.2d 182

**Barry M. DUKE, Plaintiff Below, Appellant,**

**v.**

**Patricia Dawn RICHARDS Defendant Below, Appellee.**

No. 31670.

Supreme Court of Appeals of West Virginia.

Submitted: June 8, 2004.

Filed: July 2, 2004.

**472**

Paul G. Taylor, Esq., Martinsburg, for the Appellant.

James P. Martin, Esq., Charleston, for the Appellee.

STARCHER, Justice.

In this appeal from the Circuit Court of Berkeley County, which affirmed an order of the Family Court of Berkeley County, we are asked to review an order refusing to give an obligor parent credit, against a current child support obligation or against past child support arrearages, for amounts received by a minor child from the United States Department of Veterans Affairs as a result of the obligor parent's disability.

As set forth below, we reverse the circuit court's order and remand the case to the Family Court of Berkeley County for further proceedings.

I.

*Facts & Background*

The appellant, Barry M. Duke, and the appellee, Patricia Dawn Richards, lived together in Colorado while Mr. Duke served in the United States Army. On December 10, 1993, a child, Tyler W. Duke, was born of this relationship. After the relationship ended, Ms. Richards moved to Berkeley County, West Virginia with Tyler, and Mr. Duke initiated proceedings seeking custody of Tyler. However, Ms. Richards was granted custody of Tyler in 1997, and Mr. Duke was ordered to pay child support of $273.00 per month to Ms. Richards.

During this time period, Mr. Duke was honorably discharged from the United States Army. Mr. Duke's employment was intermittent after his discharge because of physical and mental health issues connected with his military service in the Gulf War. Because of his sporadic employment, Mr. Duke failed to pay his child support obligation with regularity and fell into arrears.[1] On May 3, 2000, the Department of Veterans Affairs found Mr. Duke to be unemployable because of his service-connected health issues and awarded him 100% disability benefits.[2] At approximately the same time, the record suggests that the Social Security Administration also found Mr. Duke to be totally disabled, and began paying him disability benefits. Mr. Duke asserts that, currently, his sole income is in the form of disability benefits from these two agencies.

Both the Social Security Administration and the Department of Veterans Affairs pay a portion of Mr. Duke's disability benefits directly to Tyler. Tyler currently receives approximately $80.00 per month from the Social Security Administration. In addition, the Department of Veterans Affairs appears to have paid to Tyler $63.00 per month from December 1998 through September 1999, and since October 1999 has paid $100.00 per month.

---

1. The appellant estimates his child support arrearages to be approximately $10,466.80, inclusive of principal and interest, as of February 2004. How this figure was calculated is not apparent from the record.

2. Both the record and the parties suggest that Mr. Duke received benefits from the Department of Veterans Affairs prior to this date. However, neither the legal reason for nor the amount of these benefits is clear.

In May 2002, Mr. Duke filed a petition to modify his child support obligation. In his petition, Mr. Duke asked the family court for credit against his current child support obligation, as well as his past child support arrearages,[3] for the amounts paid to Tyler by the Department of Veterans Affairs.

The parties agree that Mr. Duke has received a dollar-for-dollar credit against his child support obligation for the amounts paid to Tyler by the Social Security Administration. This is in accord with *W.Va.Code*, 48–13–603(a) [2001], which states that any "amount of the social security benefits sent directly to the child's household will be subtracted from the child support order."[4]

However, the statutes regarding the calculation of child support make no mention of benefits paid by the Department of Veterans Affairs on account of an obligor's disability. Accordingly, on March 11, 2003, the family court entered an order that denied Mr. Duke's request for a credit against his child support obligations for the amounts paid to Tyler by the Department of Veterans Affairs.

Mr. Duke then submitted a petition for appeal to the circuit court. On April 30, 2003, the circuit court issued a one-sentence ruling announcing that Mr. Duke's petition was denied.[5]

Mr. Duke now appeals the March 11, 2003 order of the family court denying Mr. Duke a credit against his current child support obligation and his past child support arrearages for sums paid on his behalf directly to Tyler from the United States Department of Veterans Affairs.

---

**3.** Mr. Duke asserts that Tyler has directly received approximately $6,056.00 from the Department of Veterans Affairs, and he seeks to retroactively credit this amount against his child support arrearages.

**4.** *W.Va.Code*, 48–13–603(a) [2001] states:

(a) If a proportion of the obligor's social security benefit is paid directly to the custodian of his or her dependents who are the subject of the child support order, the following adjustment shall be made. The total amount of the social security benefit which includes the amounts paid to the obligor and the obligee shall be counted as gross income to the obligor. In turn, the child support order will be

## II.

### Standard of Review

█ We recently established our standard review for cases appealed from a family court, setting forth a three-pronged test used to evaluate such cases:

In reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

Syllabus Point 2, *Lucas v. Lucas,* 215 W.Va. 1, 592 S.E.2d 646 (2003). With this standard in mind, we review the parties' arguments.

## III.

### Discussion

The legal issue presented by the parties in this case is simple: should a parent who is subject to a child support obligation be given credit against that obligation for payments made by the Department of Veterans Affairs to the child or the child's custodian because of the parent's disability? We think so.

█ The general rule applied by most courts in domestic relations cases is that if a child, or the child's custodian, receives a governmental benefit that is in some sense generated by the efforts or qualifications of the

calculated as described in sections 13–401 through 13–404. To arrive at the final child support amount, however, the amount of the social security benefits sent directly to the child's household will be subtracted from the child support order. If the child support order amount results in a negative amount it shall be set at zero.

**5.** On August 15, 2003, the family court entered an order increasing Mr. Duke's child support obligation from $273.00 per month to $457.00 per month because of an increase in Mr. Duke's income. The calculation of Mr. Duke's income took into account amounts paid to Mr. Duke by the Social Security Administration and the Department of Veterans Affairs.

child's non-custodial parent, the non-custodial parent is entitled to a credit for the benefit against any child support obligation owed by that non-custodial parent. Courts generally hold that "the payments should properly be regarded as a substitute for support payments from the obligor's own earnings ... [but] qualify their holdings by saying that a credit will not be available if the result is clearly inequitable." Annotation, "Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child," 34 A.L.R.5th 447, 464 § 2[a] (1995). *See also,* "Generally; Sums Paid by Government Benefit or Assistance Programs," 24A Am. Jur.2d, Divorce and Separation § 1066, at 472 (2004) ("There is also a rebuttable presumption that an obligor spouse is entitled to a credit against child support obligations for amounts paid as Social Security or other Federal Government benefits for support of his or her child.").

We recognized this principle in *Farley v. Farley,* 186 W.Va. 263, 412 S.E.2d 261 (1991) in the context of benefits paid by the Social Security Administration as a result of a father's disability. In *Farley,* a father was ordered to pay $150.00 per month to the mother of his two children, as support for the children. After the father became disabled in 1986, he paid support sporadically and accrued arrearages, but "continued to make payments when he could." 186 W.Va. at 264, 412 S.E.2d at 262. In 1989, the Social Security Administration ruled that the father was totally disabled as of May 1986, and issued two lump sum checks for past benefits: one to the father, and another to the mother for the two dependent children.

In *Farley,* we found that "it is easy to conclude that social security disability benefits should be viewed as credits toward a parent's child support payments," but found that the more difficult question was whether the father was entitled to credit the lump-sum check received by the mother against his child-support arrearages. 186 W.Va. at 266, 412 S.E.2d at 264. We recognized the general rule that "support payments can be modified only prospectively and not retrospectively," but also recognized that the av-

erage litigant "is not the type of person who consults his lawyer on a daily basis to make sure that his life is lived in conformity with the headnotes in our latest advance sheets." *Id.*

We therefore adopted an equitable rule in *Farley,* holding that

... when the Social Security Administration awards a lump sum payment to the caretaker of dependent children, a court *may* credit the amount received to any accrued arrearages, but is not required to do so. ... [W]e allow direct social security payments to be credited to the debtor spouse against arrearages, but it is the obligation of the debtor spouse to seek court approval for such credit and to seek a new court order concerning child support that takes into consideration, if warranted, social security's monthly payments. ...

The great weight of authority is that social security back pay awards are credits against child support arrearages *when the disabled debtor has operated in good faith* and there are no other extraordinary circumstances that would militate in favor of a different result.

*Id.*

■ We therefore established in *Farley* the rule that a disabled obligor was presumptively entitled to a credit against a child support obligation for social security disability benefits received by the child, but the disabled obligor bore the burden of acting in good faith and promptly obtaining court recognition of those disability benefits. In the absence of prompt court approval, we left to the court the discretion to determine whether or not equity required that disability benefits paid in the past or lump-sum benefits should be credited against past arrearages. We stated, at Syllabus Points 1 and 2 of *Farley:*

1. Social security is similar to a private insurance contract and benefits paid to dependents directly are presumptively credits against the insured's support obligation; however, to receive credit a debtor spouse must immediately make a motion before the circuit court to have such benefits credited against arrears and to have a new court order governing future pay-

ments that take social security benefits into account.

2. In the single instance of benefits paid to dependents directly by the Social Security Administration, a court *may* give retroactive credit when: (1) the debtor spouse has acted in good faith and has promptly sought court approval of the credit of social security against child support; (2) in the discretion of the trial court, there were no other assets reasonably available from which child support payments could have been paid; and (3) there were no other changes in circumstances that, in their totality, militate against awarding credit.

■ As was cited previously, the Legislature has partly codified our holding in *Farley* at *W.Va.Code,* 48–13–603(a) [2001],[6] and now when a family court judge calculates a parent's child support obligation under the *Guidelines for Child Support Awards,* the judge must "subtract[ ] from the child support order" any amount of the parent's "social security benefits sent directly to the child's household[.]" The statute, however, makes no provision for any other benefits received by child's household from sources such as the Department of Veterans Affairs as a result of some legal status of the obligor parent (like a finding the obligor parent is disabled), nor does the statute make any provision for whether such benefits may be credited against arrearages on a past child support obligation.

Appellant Duke contends that the family court erred in not allowing him any credit for the disability benefits received by Tyler from the Department of Veterans Affairs on the appellant's behalf. The appellant argues that he should receive credit against both his current child support obligation and his past

child support arrearages for all sums paid to Tyler.

Appellee Richards partly agrees with the appellant's position, and agrees that an obligor parent should receive credit against a current child support obligation for disability benefits paid to the child's household by Department of Veterans Affairs on the obligor's behalf. However, the appellee argues that the Court should extend the principles contained in *Farley* regarding social security disability benefits to also cover disability benefits paid by the Department of Veterans Affairs, and the methods family courts should employ in assessing whether to credit past or lump-sum payments of disability benefits against child support arrearages. We agree.

■ We therefore extend our holding in *Farley* to apply to disability benefits paid by the Department of Veterans Affairs. Any payments of disability benefits made to a child's household by the Department of Veterans Affairs as a result of an obligor's disability should properly be regarded as a substitute for current support payments from the obligor's own earnings. In other words, the obligor is entitled to a credit against the obligor's current support obligation for those payments in a manner similar to that specified in *W.Va.Code,* 48–13–603 [2001].

■ Furthermore, payments may be credited "against child support arrearages when the disabled debtor has operated in good faith." *Farley,* 186 W.Va. at 266, 412 S.E.2d at 264. Accordingly, a court may give an obligor retroactive credit for payments of disability benefits made to a child's household by the Department of Veterans Affairs as a result of the obligor's disability when: (1) the obligor has acted in good faith and has promptly sought court approval of the credit of disability benefits against child support;[7] (2) in the discretion of the court,

6. *See supra,* footnote 4.

7. We have emphasized that the "good faith" and "prompt approval" requirements are to be read together. For instance, in *Settle v. Settle,* 208 W.Va. 310, 540 S.E.2d 178 (2000) (*per curiam* ), the obligor stopped paying child support altogether when his children began receiving a portion of the obligor's social security benefits, and did not seek court approval for his actions for nine years. We acknowledged in *Settle* that the

obligor's actions were not "prompt," but also found that the obligor had acted in good faith because the amount of social security benefits received by the children exceeded the obligor's monthly child support obligation. We stated that

... there is no evidence in the record that would indicate to the Appellant that there was otherwise a problem with his child support obligation. To the contrary, the Appellant believed that his child support obligation to his

there were no other assets reasonably available from which child support payments could have been paid; and (3) there were no other changes in circumstances that, in their totality, militate against awarding credit.

■ Assessing the record in the instant case, we conclude that appellant Duke is entitled to credit against his current child support obligation for payments made by the Department of Veterans Affairs to Tyler as a result of Mr. Duke's disability, and the family court erred in holding otherwise. However, we are unable to determine from the record whether Mr. Duke is entitled to a credit for payments made before the filing of his petition to modify against his substantial arrearages. The appellee cites to instances in the record below where it appears that the appellant *may have* failed to act in good faith to address his support obligations,[8] and failed to reveal to the family court his sources of income or increases in that income.[9] We are disinclined on such a record to apply the factors outlined above. Such an assessment is best left to the family court on remand.

## IV.

### *Conclusion*

The family court order dated March 11, 2003, and the April 30, 2003 circuit court order affirming that order, are reversed, and the case is remanded to the family court for

proceedings not inconsistent with this opinion.

Reversed and Remanded.

---

children was covered by the dependent's benefits they received from Social Security because of his disability.
208 W.Va. at 314, 540 S.E.2d at 182. We therefore allowed the obligor to receive a full credit against his child support arrearages for the monies his dependent children had received from the Social Security Administration.

**8.** For example, the appellee cites to references in the record where the appellant advised the circuit court in a 1999 contempt proceeding that he was receiving regular payments from the Department of Veterans Affairs, and that he expected to receive a substantial back award of benefits. However, his unverified September 2002 financial disclosure statement—which was given subsequent to his petition to modify his support obligation in light of his veteran's disability benefits—makes no mention of any back payment awards. Remarkably, the income section of the

financial disclosure statement does not include the appellant's monthly veteran's disability benefit payments at all.

**9.** An example of the gaps in the appellant's reported income can be found within the various calculations of child support contained in the record. The record indicates that the appellant's income in 1997, when the case was finally presented to the court, was $956.29, and on the basis of that income the appellant was ordered to pay the appellee $273.00 per month in child support. As of December 2002, the appellant's income-apparently consisting only of social security and veteran's disability benefits—was $3,281.00 per month, and the family court found that under the *Guidelines for Child Support* the appellant should be paying the appellee $457.00 per month in child support. When the appellant's income increased to that level is not contained in the record.