IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2021 Term

_____

No. 20-0335

_____

FILED

**March 26, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

AMANDA B.,
Respondent below, Petitioner

v.

HAKEEM M.,
Petitioner below, Respondent

_____

Appeal from the Circuit Court of Berkeley County
The Honorable Bridget Cohee, Judge
Case No. FC-02-2015-D-517

AFFIRMED
_____

Submitted: March 2, 2021
Filed: March 26, 2021

Robert C. Stone, Jr., Esq.                    Cinda L. Scales, Esq.
Robert C. Stone, Jr., PLLC                    Scales Law Office
Martinsburg, West Virginia                    Martinsburg, West Virginia
Counsel for the Petitioner                    Counsel for the Respondent

JUSTICE WOOTON delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.     "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard.  We review questions of law *de novo*."  Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

2.     "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."  Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

3.     "Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein." Syl. Pt. 1, *Dunlap v. State Comp. Dir.*, 149 W. Va. 266, 140 S.E.2d 448 (1965).

4.     Social security benefits paid directly to the child as a result of the obligor's disability entitle only the disabled obligor to the statutory adjustment or credit set forth in West Virginia Code § 48-13-603(a) (2015).

**WOOTON, Justice:**

In this case, petitioner Amanda B. ("Mother") appeals from three orders[1] entered by the Circuit Court of Berkeley County, reversing the family court's determination that Mother's child support obligation was $0. The family court gave Mother credit for the social security benefits received by the children, who reside with and are in the custody of respondent Hakeem M. ("Father"), who is the disabled child support obligee. At issue is whether a nondisabled child support obligor such as Mother is entitled to an adjustment or credit for "social security benefits sent directly to the child" on behalf of a disabled obligee, as set forth in West Virginia Code § 48-13-603(a) (2015). Upon review of the parties' briefs and oral arguments, the appendix record, and all other matters submitted before this Court, we find that the circuit court correctly applied the language of West Virginia Code § 48-13-603(a) in reversing the family court's determination that Mother, the nondisabled obligor, was entitled to credit for the social security benefits paid to the children. We affirm the circuit court's decision.

## I. Facts and Procedural Background

The parties were divorced by final order entered August 17, 2017. They have fifteen-year-old twins. Mother currently resides in Berkeley County, West Virginia, while

---

[1]The following orders are at issue: 1) the December 13, 2019, order granting the appeal from family court; 2) the March 17, 2020, order setting child support; and 3) the April 13, 2020, order remanding the case to family court.

1

Father resides in Wake County, North Carolina. At the time the final divorce order was entered, Mother received custody of the children, and Father was ordered to pay child support.

At an August 19, 2019, hearing, the family court modified the parties' custodial arrangement, granting primary custody of the children to Father and custodial time to Mother. The parties agreed to this modification, which was based upon the children's wishes and which prompted the need to change the child support obligations of the parties.

According to the West Virginia Child Support Guidelines ("Child Support Guidelines"),[2] the family court determined that Father had a monthly gross income of $5,069.00, which included social security and Veteran's Disability benefits. Father received a deduction for a pre-existing child support obligation. Mother's monthly gross income was $4,793.00 per month, and she also received a deduction for an additional child in the child support calculation. It was determined that there was a social security benefit of $776.00 which was payable for the benefit of the children due to Father's disability. Father's monthly adjusted income was determined to be $4,722.00, and Mother's was determined to be $4,315.25. The family court calculated the total child support obligation

---

[2] *See generally* W. Va. Code §§ 48-13-101 to -804 (2015).

to be $1,568.00. Father's share of this obligation was $819.28, and Mother's share was $749.00.[3]

After calculating the parties' respective child support obligations, the family court then offset Mother's child support obligation with the $776.00 social security benefit payable for the children's benefit based upon Father's disability. That offset reduced Mother's child support obligation to $0 per month. The family court found "that both of the parties' children receive benefits from Social Security which total $776.00 per month, and consequently, . . . the Social Security benefits received by the parties' children will offset the Respondent's [mother's] child support obligation. . . ."

Father appealed the family court's decision to the circuit court, arguing that the family court abused its discretion "by allowing the non-custodial parent to pay no child support by crediting a social security payment for the benefit of the children from the custodial parent's disability toward the non-custodial parent's child support obligation." Father also argued that the family court did not make any adjustment to the child support calculation pursuant to West Virginia Code § 48-13-702 (2015).[4]

---

[3]According to "Worksheet A: Based Shared Parenting," Mother's support obligation was $748.72, which the family court rounded up to $749.00.

[4] West Virginia Code § 48-13-702 provides:

> a) If the court finds that the guidelines are inappropriate
> in a specific case, the court may either disregard the guidelines

By order entered December 13, 2019, the circuit court agreed with Father and granted his appeal. The circuit court found that the family court abused its discretion by not following the Child Support Guidelines; the court stated that the family court "did not make any adjustment" in the child support award as required by West Virginia Code § 48-12-702 when it found that "the provision of the Social Security benefit payable upon the Petitioner's [Father's] disability would cancel any child support obligation owed by the Respondent [Mother]." The circuit court further found that

> [t]he dependency benefits are earned in part through the employee's payment of social security taxes. The purpose is to replace the income lost because of the employee's disability. It is equitable to treat dependency benefits as a substitute for child support for the period during which such benefits are paid for the employee's obligation. The benefits are not earned by the Mother, and they should not be credited to the Mother's obligation, and her child support obligation should not be offset by the Father's earnings.

The circuit court found the family court clearly erred in its determination that Mother owed no child support because of the credit the family court gave her for the social security benefit credit arising from Father's disability.

---

> or adjust the guidelines-based award to accommodate the needs of the child or children or the circumstances of the parent or parents. In either case, *the reason for the deviation and the amount of the calculated guidelines award must be stated on the record (preferably in writing on the worksheet or in the order)*. Such findings clarify the basis of the order if appealed or modified in the future.

(Emphasis added).

Thereafter, the circuit court entered an order dated March 17, 2020,[5] in which it recognized that after granting the appeal and finding the family court erred in its determination that Mother owed no child support due to the social security benefit offset, no child support amount was set. The circuit court, however, found it unnecessary to remand the case to the family court on this issue. Instead, it determined that based upon the family court's previous child support calculation, the Mother owed the amount of $749.00 beginning on September 1, 2019.[6]

Mother then filed a Motion to Alter or Amend and a Motion to Reconsider the circuit court's March 17, 2020, order. After considering Mother's motions, by order entered April 13, 2020, the circuit court remanded the case back to the family court.[7]

---

[5] The circuit court also entered an order dated March 18, 2020, wherein it indicated that its order setting child support pursuant to the family court's calculation shall remain in effect until such time that a change in circumstances warranted a modification and remanded the case to family court.

[6] There were no objections by either party regarding the family court's calculations of the parties' respective child support obligations but for the application of the social security offset.

[7] On April 30, 2020, Mother filed a petition to modify child support in the Berkeley County Family Court, to which Father filed a response. In her petition, Mother asked the family court to consider whether a "change of circumstances exists as defined in West Virginia Code § 48-11-105" and "whether the child support formula should be disregarded pursuant to West Virginia Code § 48-13-702." By order entered August 19, 2020, the family court stayed the case pending resolution of this appeal.

## II.  Standard of Review

In this case, Mother appeals the circuit court's decision to reverse the family court's final order concerning her child support obligation.  Our standard of review of the circuit court's order is well established:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard.  We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).  With this standard of review in mind, we address the issue before us.

## III.  Discussion

The issue before the Court is whether social security benefits paid in accordance with West Virginia Code § 48-13-603(a) can be used to offset the child support obligation of the nondisabled obligor.[8]  Mother argues that the statute provides: "To arrive

---

[8] There is no merit to Mother's assignment of error challenging the circuit court's failure to remand the case to the family court so that the family court could make findings of fact on whether the child support guidelines should be disregarded under West Virginia Code § 48-13-702.  That statutory provision allows a family court to disregard the Child Support Guidelines and requires the family court to set out express reasons for such deviation.  It is clear from the appendix record that the family court's determination of Mother's child support payment was not a deviation under West Virginia Code § 48-13-702.  As indicated in note 7 *supra*, West Virginia Code § 48-13-702 is the basis for Mother's motion to modify child support which is currently pending in family court and which can be addressed, along with any other issues properly raised relative to the child support calculations, after this appeal is concluded.

6

at the final . . . child support amount, however, the amount of the social security benefits sent directly to the child's household will be subtracted from the child support order. If the child support order amount results in a negative amount it shall be set a[t] zero." *Id*. She contends that "[t]he aforementioned language of West Virginia Code § 48-13-603(a) does not set forth that the social security benefits shall not be considered and not subtracted if they are based upon a disability of the obligee." Mother maintains that the family court properly calculated her child support obligation of $749.00 per month and found that the children's social security benefits were $776.00 per month. Finding that the social security benefits were greater than her monthly support obligation, the family court correctly determined that she owed $0 in child support. *See id*.

Conversely, Father argues that under West Virginia Code § 48-13-603(a), "if the *obligor's* . . . social security benefits are sent directly to the children, the obligor would receive a credit[.]" Father contends that nothing in the statute permits a nondisabled obligor such as Mother to receive an adjustment or credit for the amount of social security benefits paid directly to the children as a result of the obligee's disability. Father also argues that neither party requested a deviation from the Child Support Guidelines pursuant to West Virginia Code § 48-13-702; therefore, the circuit court did not err in reversing the family court's application of § 48-13-603(a) and ordering Mother to pay child support in the amount of $749.00 which was the amount previously calculated by the family court, without objection, prior to the erroneous social security credit.

Under our fundamental rules of statutory construction, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951). "Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein." Syl. Pt. 1, *Dunlap v. State Comp. Dir.*, 149 W. Va. 266, 140 S.E.2d 448 (1965). "We look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995).

In applying these principles to the instant case, we look first to the language of the statute, West Virginia Code § 48-13-603(a), which provides:

> If a proportion of *the obligor's social security benefit* is paid directly to the custodian of his or her dependents who are the subject of the child support order, the following adjustment shall be made. The total amount of the social security benefit which includes the amounts paid to the obligor and the obligee shall be counted as gross income to the obligor. In turn, the child support order will be calculated as described in sections 13-401 [§ 48-13-401] through 13-404 [§ 48-13-404]. To arrive at the final child support amount, however, the amount of the social security benefits sent directly to the child's household will be subtracted from the child support order. If the child support order amount results in a negative amount it shall be set at zero.

(Emphasis added). Upon our review of this statutory language, we find it to be plain and in need of no further interpretation. The statute clearly provides that an adjustment or credit

8

is given "[i]f a proportion of the *obligor's social security benefit* is paid directly to the custodian of his or her dependents who are the subject of the child support order." *Id*. Only then does the remainder of the statute – instructing how the adjustment is made in such a case – come into play. In short, the credit is given only to the obligor whose disability is the basis for the social security benefit. We therefore hold that social security benefits paid directly to the child as a result of the obligor's disability entitle only the disabled obligor to the statutory adjustment or credit set forth in West Virginia Code § 48-13-603(a) (2015).

In the instant case, Mother is not entitled to any social security adjustment or credit because she is a nondisabled obligor who is not receiving any social security benefit. *See id*. In calculating her child support obligation, the statute simply does not afford her any adjustment or credit for the social security benefit paid directly to the children as a result of Father's disability. *See* Syl. Pt. 1, in part, *Farley v. Farley*, 186 W. Va. 263, 412 S.E.2d 261 (1991) (holding that "[s]ocial security is similar to a private insurance contract and benefits paid to dependents directly *are presumptively credits against the insured's support obligation*[,]" which holding was codified by the Legislature in West Virginia Code § 48-13-603(a)) (emphasis added); *see also* Syl. Pt. 4, *Duke v. Richards*, 215 W. Va. 470, 600 S.E.2d 182 (2004) ("Any payments of disability benefits made to a child's household by the Department of Veterans Affairs as a result of an obligor's disability should properly be regarded as a substitute for current support payments from the obligor's own earnings. In other words, the obligor is entitled to a credit against the obligor's current support obligation for those payments in a manner similar to that specified in W. Va. Code,

9

48-13-603[2001].").  Consequently, the circuit court did not err in its determination that Mother was not entitled to the statutory adjustment for the obligor's social security benefits.  *See* W. Va. Code § 48-13-603(a).

## IV.  Conclusion

For the foregoing reasons, the circuit court's orders are affirmed.

Affirmed.