GALE D. DUNLAP

*v.*

STATE COMPENSATION DIRECTOR *et al.*

(No. 12402)

Submitted February 2, 1965.     Decided February 23, 1965.

*Jeter, Jeter & Jeter, James C. Jeter,* for appellant.

*Dores D. McDonnell, Sr.,* for appellee.

*Jackson, Kelly, Holt & O'Farrell, R. G. Kelly, David D. Johnson,* for West Virginia Coal Ass'n, as amicus curiae.

CALHOUN, JUDGE:

This case is before the Court on an appeal by the claimant, Gale D. Dunlap, from an order of the workmen's compensation appeal board dated November 6, 1964. Briefs were filed and oral arguments were made before the Court in behalf of the claimant and in behalf of the director of workmen's compensation. An *amicus curiae* brief was filed by permission of the Court in behalf of The West Virginia Coal Association. No appearance was made in this Court by or in behalf of the employer, T. A. Chapman.

The question presented for decision is whether the director, in making an award of total permanent disability benefits, was authorized and required to deduct temporary total benefits previously paid to the claimant for the period from the date of the injury and consequent disability to the date of the award of total permanent disability benefits.

It is not disputed that the claimant received a compensable injury on December 8, 1961; nor is it disputed that he is entitled to the award of total permanent disability benefits made by the director on March 25, 1963. The term "total permanent," when applied to an award, is not used in the workmen's compensation statutes; but the term is quite generally used to refer to "a disability of eighty-five to one hundred per cent" for which the claimant is entitled to be paid "sixty-six and two thirds per cent of the average weekly earnings during the remainder of life," not to exceed a maximum of $38.00 a week nor to be less than a minimum of $22.00 a week. Code, 1931, 23-4-6, as amended. The claimant in this case was never paid benefits on a permanent partial basis.

On May 20, 1963, the claimant filed a petition with the director in which he asserted that during the period from December 8, 1961, the date of the injury, until March 25, 1963, the date of the total permanent disability award, he was entitled to receive both the temporary total benefits and the total permanent benefits. Stated otherwise, the claimant

contends that the award of total permanent disability benefits should relate back to and be paid from the date of the disability without any deduction of the total temporary benefits which had been paid to him prior to the date of the total permanent disability award.

By an order dated June 11, 1964, the director denied the prayer of the petition. In doing so, he stated that Code, 1931, 23-4-6, as amended, does not contemplate double payment as contended for by the claimant, but "that it expressly prohibits payment of compensation in any form over and above the maximum expressed therein for any one period of time." The claimant protested, the matter was again considered and by an order dated July 1, 1964, the director affirmed his prior order. On an appeal by the claimant, the workmen's compensation appeal board, by an order dated November 6, 1964, affirmed the action of the director. In doing so, the appeal board apparently placed chief reliance upon Code, 1931, 23-4-6 (h), as amended, which limits compensation payable "under any subdivision of this section" to $38.00 a week.

The question presented for decision is purely one of law involving the provisions of Chapter 23, Article 4 of the 1931 Code, as amended. In the interest of brevity and simplicity, we will refer hereafter merely to the applicable sections of Article 4.

Section 18 contains the following sentence: "In all cases where compensation is awarded or increased, the amount thereof shall be calculated and paid from the date of disability." The meaning of that language is clear and not disputed in this case. It is obvious, therefore, that any award of disability benefits made for a personal injury, whether temporary total, permanent partial or permanent total, "shall be calculated and paid from the date of disability."

Subdivision (i) of Section 6 contains the following provision: "Where an injury results in temporary total disability for which compensation is awarded under subdivision (a) of this section and such injury is later determined permanent partial disability under subdivision (c), the amount of compensation so paid shall be considered as payment of

the compensation payable for such injury in accordance with the schedule in subdivision (c)." This subdivision, in substance, requires the director to deduct from a permanent partial disability award all payments previously received by the claimant under a prior temporary total disability award. Counsel for the claimant points out that this is the only provision in the workmen's compensation statutes which expressly authorizes the director to "deduct" benefits previously paid, and that the Court should apply in this case the familiar principle of statutory construction to the effect that the express mention of one thing impliedly excludes another which is not expressly included. *State ex rel. Battle* v. *Hereford,* 148 W. Va. 97, pt. 1 syl., 133 S. E. 2d 86; *Ratcliff* v. *State Compensation Commissioner et al.,* 146 W. Va. 920, 925, 123 S. E. 2d 829, 831. In reliance upon that rule of construction, counsel for the claimant contends that the provision which authorizes and requires the director to deduct benefits previously paid, in the specific circumstances stated in the statute, impliedly excludes any right or authority in the director, in any other circumstances, to deduct from an award all benefits previously received by the claimant. This being merely a rule of construction, it can be applied only in case of ambiguity. A statutory provision which is clear and unambiguous, and which plainly expresses the legislative intent, will not be interpreted by the courts, but must be applied in accordance with the legislative intent plainly expressed. *State ex rel. Fox* v. *Board of Trustees et al.,* 148 W. Va. 369, pt. 1 syl., 135 S. E. 2d 262; *State ex rel. Wheeling Downs Racing Association* v. *Perry et al.,* 148 W. Va. 68, 132 S. E. 2d 922, 927.

Additional portions of Article 4 which are relied upon by counsel in their respective briefs are as follows:

"Section 6. Where compensation is due an employee under the provisions of this chapter for a personal injury other than first-stage silicosis, such compensation shall be as provided in the following schedule:

"(a) If the injury causes temporary total disability, the employee shall receive during the continuance thereof sixty-six and two thirds per cent

of his average weekly earnings, not to exceed a maximum of thirty-eight dollars a week nor to be less than a minimum of twenty-two dollars a week.

\* \* \*

"(c) If the injury causes permanent disability, the percentage of disability to total disability shall be determined and the award computed and allowed as follows:

"For permanent disability of from one per cent to eighty-four per cent, inclusive, sixty-six and two thirds per cent of the average weekly earnings for a period to be computed on the basis of four week's compensation for each per cent of disability determined.

"For a disability of eighty-five to one hundred per cent, sixty-six and two thirds per cent of the average weekly earnings during the remainder of life.

\* \* \*

"(h) Compensation payable under *any* subdivision of this section shall be limited as follows: Not to exceed a maximum of thirty-eight dollars a week nor to be less than a minimum of twenty-two dollars a week." (Emphasis supplied.)

"The right to workmen's compensation is wholly statutory and in no way based on the common law; the statutes are *sui generis* and controlling, and the rights, remedies, and procedures provided thereby are exclusive." 99 C.J.S., Workmen's Compensation, Section 6, page 49. See also *Blevins* v. *State Compensation Commissioner et al.*, 127 W. Va. 481, 495, 33 S. E. 2d 408, 414. "The claim of the applicant is one arising under the statute, limited by its terms, and which can only be asserted in the manner provided thereby." *Young* v. *State Compensation Commissioner et al.*, 121 W. Va. 126, 129, 3 S. E. 2d 517, 519.

It is quite true that workmen's compensation statutes, though in derogation of the common law, are to be liberally construed in order to promote their beneficent purposes. *Kincannon* v. *State Compensation Commissioner*, 107 W. Va. 533, pt. 2 syl., 149 S. E. 665; *Morris* v. *State Compensation Commissioner*, 135 W. Va. 425, 429, 64 S. E. 2d 496, 498. It

is true, nevertheless, that a claimant is entitled to receive benefits only in the manner and to the extent authorized by statute; and the director is without right or authority to pay or authorize the payment of benefits except to the extent that such right or authority is expressly conferred by statute.

Counsel for the claimant apparently undertakes to predicate a claim for "double payment," or a claim in excess of the maximum of $38.00 a week, on the absence of an inhibition of such payment in the pertinent statutory provisions. On the contrary, we believe the authority of the director to pay and the right of a claimant to receive benefits in a given amount must appear from affirmative statutory authorization.

We are not aware of any statutory provision which authorizes the director to pay or a claimant to receive benefits in excess of $38.00 a week. No specific or affirmative provision of this character has been called to our attention. If the contention made in behalf of the claimant were adopted and followed, the claimant, in the circumstances of this case and for the period of time in question, would be entitled to receive and the director would be required to pay a maximum sum of $76.00 a week. The number of weeks such benefits would be payable would depend upon the date of the award of total permanent disability benefits in relation to the date of the occurrence of the injury and consequent disability. Such period of time would quite naturally vary widely in different cases. We believe that such would be out of harmony with the obvious intent and spirit of the statutes to treat all claimants alike for a given disability.

Counsel for the claimant speaks in terms of "deducting" temporary total benefits previously paid. The director takes the view that payments under the total permanent disability award merely continue to follow, in an uninterrupted succession, on a periodic basis the payments previously made. The effect is the same under both bases of reasoning. That is, the claimant is entitled to benefits up to a maximum of $38.00 a week from the date the disability arises. The effect of the total permanent disability award is to embrace and supersede the prior total temporary disability award. The

result is that the claimant continues to receive, from the date of his disability, weekly benefits equal to sixty-six and two-thirds percent of his average weekly earnings, not exceeding the maximum of $38.00.

Subdivision (h) of Section 6 states that compensation payable under "any" subdivision of that section shall be limited to an amount not exceeding a maximum of $38.00 a week. Counsel for the claimant contends that the word "any" would authorize the claimant, for the period in question in this case, to receive both a maximum of $38.00 for the total temporary disability award and a maximum of $38.00 a week for the total permanent disability award. We are unable to perceive the force of that contention. As we have stated previously, it is our view that the effect of the total permanent disability award was to encompass and supersede the prior award so that the former award, in effect, disappeared; and only the total permanent disability award remains. Under that award, the claimant is entitled to receive benefits from the date of his disability computed on the basis of sixty-six and two-thirds percent of his average weekly earnings, not exceeding $38.00 a week. He has received benefits on that basis and he is entitled to no more.

For reasons stated, the order of the workmen's compensation appeal board is affirmed; and the Court's decision in this case will be certified to the appeal board and to the director.

*Affirmed.*