**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**THOMAS L. COOPER.**
**Claimant Below, Petitioner**

**vs.) No. 15-1095**   (BOR Appeal No. 2050355)
(Claim No. 2008049105)

**FILED**
**March 10, 2017**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**APPALACHIAN POWER COMPANY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner, Thomas L. Cooper, by Patrick K. Maroney, his attorney, appeals a decision of the Worker's Compensation Board of Review. Respondent, Appalachian Power Company, by its attorney, Henry C. Bowen, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2015, reversing a March 19, 2015, order of the Worker's Compensation Office of Judges that remanded Mr. Cooper's claim to the self-insured employer, Appalachian Power, for another evaluation concerning the amount of Mr. Cooper's whole body medical impairment.[1] The Board of Review concluded that Mr. Cooper could not meet the statutory threshold of fifty percent whole body medical impairment necessary for permanent total disability consideration and reinstated the claims administrator's May 21, 2014, order denying Mr. Cooper an award of permanent total disability benefits. In this appeal, Mr. Cooper seeks

---

[1]The Office of Judges further ordered that after the reevaluation of Mr. Cooper's whole body medical impairment was complete, the claim was to be referred to the Permanent Total Disability Review Board "to make a determination concerning that issue and for a protestable decision [to] be issued after the board's review on the permanent total disability threshold issue."

1

reversal of the Board of Review's order and reinstatement of the March 19, 2015, order of the Office of Judges.[2]

Upon consideration of the parties' briefs, oral arguments, the submitted appendix and pertinent authorities, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board of Review's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cooper filed an application for permanent total disability benefits on March 20, 2012. Over the course of his thirty-eight years of employment with Appalachian Power, Mr. Cooper sustained multiple work-related injuries. His last injury occurred on June 20, 2008, when he suffered a traumatic amputation of multiple fingers when a piece of equipment ran over his right hand. Mr. Cooper never returned to work, and he was ultimately granted a forty-three percent permanent partial disability award for the injury pursuant to a memorandum decision issued by this Court on December 5, 2012. Mr. Cooper was also granted a ten percent permanent partial disability award for psychiatric impairment arising from the injury.

Mr. Cooper's application for permanent total disability benefits indicated he had received prior permanent partial disability awards totaling sixty-three percent.[3] Thus, he satisfied the first threshold for permanent total disability consideration set forth in West Virginia Code § 23-4-6(n)(1) (2010).[4] Accordingly, the Permanent Total Disability Review

---

[2]Alternatively, Mr. Cooper has requested that this Court find that he satisfies the fifty percent threshold for permanent total disability consideration and then remand his claim to the Permanent Total Disability Review Board to determine if he can be vocationally retrained.

[3]In addition to the permanent partial disability awards discussed above, Mr. Cooper received a six percent permanent partial disability award for an April 1976 low back injury; a three percent permanent partial disability award for a September 1985 neck injury; and a one percent permanent partial disability award for a January 2000 right shoulder injury.

[4]West Virginia Code § 23-4-6(n)(1) provides, in pertinent part:

> [I]n order to be eligible to apply for an award of permanent total disability benefits . . . a claimant: (A) Must have been awarded the sum of fifty percent in prior permanent partial disability awards; (B) must have suffered a single occupational injury or disease which results in a finding by the

2

Board (hereinafter "PTDRB") referred Mr. Cooper to Dr. Marsha Bailey for the purpose of reevaluating his whole body medical impairment.[5]

After examining Mr. Cooper, Dr. Bailey reported that he has a forty-three percent whole body medical impairment. In her report, Dr. Bailey indicated that Mr. Cooper has a five percent whole body medical impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) (hereinafter "AMA *Guides*") with regard to his lumbar complaints but that application of Table § 85-20-C of the West Virginia Code of State Rules adjusted the impairment to zero percent.[6] Dr. Bailey

---

> commission that the claimant has suffered a medical impairment of fifty percent; or (C) has sustained a thirty-five percent statutory disability pursuant to the provisions of subdivision (f) of this section.

[5]West Virginia Code § 23-4-6(n)(1) further provides:

> Upon filing an application, the claim will be **reevaluated** by the [Permanent Total Disability Review Board] . . . to determine if the claimant has suffered a whole body medical impairment of fifty percent or more resulting from either a single occupational injury or occupational disease or a combination of occupational injuries and occupational diseases or has sustained a thirty-five percent statutory disability . . . . If the claimant has not suffered whole body medical impairment of at least fifty percent or has sustained a thirty-five percent statutory disability . . . the request shall be denied.

(Emphasis supplied).

[6]West Virginia Code of State Rules § 85-20-64.2 provides, in pertinent part:

> Lumbar Spine Impairment: The range of motion methodology for assessing permanent impairment shall be used. However, a single injury or cumulative injuries that lead to a permanent impairment to the Lumbar Spine area of one's person shall cause an injured worker to be eligible to receive a permanent partial disability award within the ranges identified in Table §85-20-C. The rating physician must identify the appropriate impairment category and then assign an impairment

3

further opined that "Mr. Cooper's simple sprain and strain that he sustained at work in 1976 has long since resolve[d] and his ongoing complaints are unrelated to his remote lumbar sprain and strain." Dr. Bailey made similar findings concerning Mr. Cooper's cervical complaints. In that regard, she reported that Mr. Cooper has a four percent whole body medical impairment for his cervical complaints under the AMA *Guides* but that application of Table § 85-20-E of the West Virginia Code of State Rules adjusted the impairment to zero percent.[7] Dr. Bailey further stated:

> It is my opinion Mr. Cooper's cervical complaints are solely a result of his pre-existing conditions, including his history of three cervical vertebrae fractures in 1972[8] as well as normal age related changes which would be expected in a 66 year old gentleman and unrelated to his simple sprain and strain that he sustained at work in 1985. You will recall that on the day of his neck injury, x-rays of Mr. Cooper's cervical spine revealed degenerative disc disease.

(Footnote added). Based upon Dr. Bailey's report, the PTDRB concluded that Mr. Cooper did not satisfy the second statutory threshold for further permanent total disability consideration, which requires whole body medical impairment of fifty percent or more.[9] In rendering its decision, the PTDRB stated that Mr. Cooper "should have 5% for the lower back . . . . The Board evaluates whole person impairment based on the range of motion

---

within the appropriate range designated for that category.

[7]West Virginia Code of State Rules § 85-20-64.4 provides, in pertinent part:

> Cervical Spine Impairment: A single injury or cumulative injuries that lead to a permanent impairment to the [Cervical] Spine area of one's person shall cause an injured worker to be eligible to receive a permanent partial disability award within the ranges identified in Table §85-20-E. The rating physician must identify the appropriate impairment category and then assign an impairment within the appropriate range designated for that category.

[8]Mr. Cooper was in a non-work-related motor vehicle accident.

[9]*See supra* note 5.

4

model, *4th Edition of the* [AMA] *Guides*, without the spinal adjustment of Rule 20."[10]  The PTDRB further noted, however, that even with the additional five percent impairment for his lumbar complaints, Mr. Cooper's whole body medical impairment was only forty-six percent. Based on the PTDRB's determination that Mr. Cooper did not satisfy the fifty percent threshold for further permanent total disability consideration, the claims administrator entered an order on May 21, 2014, denying Mr. Cooper's request for permanent total disability benefits.  Mr. Cooper appealed the decision to the Office of Judges.

Upon review, the Office of Judges reversed the claims administrator's decision and remanded the claim for another whole body medical impairment evaluation to be followed by another determination by the PTDRB regarding Mr. Cooper's eligibility for further permanent total disability consideration.  The Office of Judges noted that Dr. Bailey also applied Rule 20 to Mr. Cooper's cervical impairment, but the PTDRB had not ascribed any impairment for the cervical spine as it had for the lumbar spine.  The Office of Judges found that Dr. Bailey's report was "flawed and not credible" because of her application of Rule 20 to Mr. Cooper's lumbar and cervical impairment.  Thus, the Office of Judges concluded that another evaluation of Mr. Cooper's whole body medical impairment was necessary. Appalachian Power appealed the decision to the Board of Review.

After considering the record and arguments of the parties, the Board of Review found that the Office of Judges had made an error of law.  In that regard, the Board of Review explained that lumbar and cervical impairment must be adjusted to fit within the Tables set forth West Virginia Code of State Rules §§ 85-20-C and 85-20-E, respectively.  The Board of Review further found that Dr. Bailey's application of Rule 20 was proper and concluded that the evidence demonstrated Mr. Cooper could not satisfy the fifty percent whole body medical impairment threshold for further permanent total disability consideration. Accordingly, the Board of Review reinstated the claims administrator's May 21, 2014, order denying Mr. Cooper permanent total disability benefits.  This appeal followed.

Our review of the Board of Review's final order is guided by statute.  Pursuant to West Virginia Code § 23-5-15(b) (2010),

> In reviewing a decision of the board of review, the
> Supreme Court of Appeals shall consider the record provided by

---

[10]"Rule 20" is a short-hand reference to the Tables in West Virginia Code of State Rules § 85-20, which provide impairment categories and ranges of impairment for compensable back injuries. *See supra* notes 6 and 7 (setting forth the provisions in 85 C.S.R. § 20 that direct rating physicians to use the Tables to assign impairment).

5

the board and give deference to the board's findings, reasoning and conclusions, in accordance with subsections (c) and (d) of this section.

Subsection (d) of the statute, which is applicable in this instance,[11] provides:

> If the decision of the [Board of Review] effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision.

W.Va. Code § 23-5-15(d).

In this appeal, Mr. Cooper argues that his whole body medical impairment should not have been reevaluated. He maintains that because his prior permanent partial disability awards totaled more than fifty percent, his whole body medical impairment should not have been reduced based upon the "secondary" examination completed by Dr. Bailey. We have explained that "[t]he right to workmen's compensation benefits is wholly statutory." Syl.

---

[11]Subsection (c) of West Virginia Code § 23-5-15 provides the standard for reviewing a decision of the Board of Review that "represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim[.]" *Id.*

Pt. 2, in part, *Dunlap v. State Compensation Director*, 149 W.Va. 266, 140 S.E.2d 448 (1965). As such, "where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein." *Id.* at 266, 140 S.E.2d at 449, syl. pt. 1. We find no merit to Mr. Cooper's argument because the plain language of West Virginia Code § 23-4-6(n)(1) expressly requires a revaluation of whole body medical impairment to determine a claimant's eligibility for a permanent total disability award.[12] *See Dennis v. McElroy Coal Co.*, No. 14-0038, 2015 WL 249414 (W.Va. Jan. 20, 2015) (memorandum decision) (rejecting claimant's assertion that he should not have been reevaluated by PTDRB as contrary to plain language of W.Va. Code § 23-4-6(n)(1)).

Having carefully reviewed the record in this case, we find no violation of a statutory provision or erroneous conclusion of law in the Board of Review's final order. As the Board of Review noted in its decision, we addressed the issue of applying § 85-20 of the West Virginia Code of State Rules to whole body medical impairment evaluations made for purposes of determining a claimant's eligibility for a permanent total disability award in *Bowles v. The New West Virginia Mining Company*, No. 14-1066, 2015 WL 4168502 (W.Va. July 9, 2015) (memorandum decision). In that case, the claimant was also challenging the denial of his application for permanent total disability benefits. Like Mr. Cooper, Mr. Bowles had suffered multiple work-related injuries during the course of his employment and had received permanent partial disability awards for lumbar and cervical injuries. Mr. Bowles was evaluated by multiple physicians for the purpose of determining his whole body medical impairment. Some of those physicians applied the Tables in 85 C.S.R. § 20 to their impairment determinations regarding Mr. Bowles's lumbar and cervical injuries and others did not. The PTDRB and the Office of Judges discounted the whole body medical impairment findings made by the physicians who applied 85 C.S.R. § 20. Although Mr. Bowles could not satisfy the fifty percent whole body medical impairment threshold, even when 85 C.S.R. § 20 was not applied to the lumbar and cervical impairment determinations made under the AMA *Guides*, this Court, nonetheless, made clear that the PTDRB and Office of Judges committed error by calculating his whole body medical impairment "without adjusting his lumbar and cervical impairment to fit within West Virginia Code of State Rules §§ 85-20-C and 85-20-E [because] this adjustment is required under West Virginia Code of State Rules § 85-20-64.1(2006)."[13] *Bowles* at *3; *see also Mullins v. Speed*

---

[12]*See supra* note 5.

[13]West Virginia Code of State Rules § 85-20-64.1 provides, in pertinent part:

> Permanent partial disability assessments shall be determined based upon the range of motion models contained in

*Mining, LLC*, No. 15-0816, 2016 WL 4133881 (W.Va. Aug. 1, 2016) (memorandum decision) (finding Office of Judges improperly calculated whole body medical impairment by utilizing range of motion model of AMA *Guides* without application of 85 C.S.R. § 20); *Elkins v. West Virginia Office of Ins. Comm'r*, No. 13-0659, 2014 WL 5068096 (W.Va. Oct. 7, 2014) (memorandum decision) (finding physician's whole body medical impairment evaluation not reliable because of failure to adjust impairment to fit within 85 C.S.R. § 20). Because Dr. Bailey correctly applied § 85-20 of the West Virginia Code of State Rules to her assessment of Mr. Cooper's lumbar and cervical impairment, the Board of Review was not clearly wrong in finding that Mr. Cooper could not satisfy the fifty percent whole body medical impairment threshold necessary for further consideration of his eligibility for permanent total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of an erroneous conclusion of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

the Guides Fourth. Once an impairment level has been determined by range of motion assessment, that level will be compared with the ranges set forth below. Permanent partial disability assessments in excess of the range provided in the appropriate category as identified by the rating physician shall be reduced to within the ranges set forth below.

West Virginia Code of State Rules §§ 85-20-64.2 through 85-20-64.4 and Tables §§ 85-20-C through E define the impairment ranges for the lumbar, thoracic and cervical areas of the spine. In *Simpson v. West Virginia Office of Insurance Commissioner*, 223 W.Va. 495, 504, 678 S.E.2d 1, 10 (2009), this Court considered "whether the Legislature ha[d] violated the separation of powers by authorizing in W.Va. Code § 23-4-3b(b), the adoption of a rule to standardize guidelines for the evaluation of permanent impairment, specifically W.Va. C.S.R. Table § 85-20-C, which establishes impairment ratings for lumbar spine injuries." We concluded that "W.Va. C.S.R. Table § 85-20-C (2004) is valid and is a proper exercise of the rule-making authority delegated to the Workers' Compensation Board of Managers by the Legislature in W.Va.Code § 23-4-3b(b) (2005) (Repl. Vol. 2005)." *Simpson*, 223 W.Va. at 498, 678 S.E.2d at 4, syl. pt. 16. Obviously, our holding extends to the other Tables included in 85 C.S.R. § 20.

**ISSUED:**  March 10, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

9