# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2018 Term**

No. 17-0087

**FILED**
**February 7, 2018**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALAN ENTERPRIZES LLC,**
**Plaintiff Below, Petitioner**

**V.**

**MAC'S CONVENIENCE STORES LLC, D/B/A CIRCLE K;**
**JOYCE SAMMON; AND LOUIS DIAB,**
**Defendants Below, Respondents**

Appeal from the Circuit Court of Harrison County, Business Court Division
Honorable Joanna I. Tabit, Judge
Civil Action No. 14-C-503-2

**AFFIRMED**

Submitted: January 10, 2018
Filed: February 7, 2018

**John C. Palmer IV**
**Keith J. George**
**Devan K. Flahive**
**Elizabeth T. Schindzielorz**
**Robinson & McElwee PLLC**
**Charleston, West Virginia**
**Attorneys for the Petitioner**

**Michael Bonasso**
**Flaherty Sensabaugh Bonasso PLLC**
**Charleston, West Virginia**
**Zach Chaffee-McClure,** *pro hac vice*
**Shook, Hardy & Bacon LLP**
**Kansas City, Missouri**
**Attorneys for the Respondents**

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."  Syllabus point 1, *Appalachian Power Co. v. State Tax Department of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

2.      "A circuit court's entry of summary judgment is reviewed *de novo*."  Syllabus point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

3.      "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."  Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

4.      "Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein."  Syllabus point 1, *Dunlap v. State Compensation Director*, 149 W. Va. 266, 140 S.E.2d 448 (1965).

5.      "It is not for this Court arbitrarily to read into a statute that which it does not say.  Just as courts are not to eliminate through judicial interpretation words that were

i

purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." Syllabus point 11, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

**Davis, Justice:**

The petitioner herein and plaintiff below, Alan Enterprizes LLC ("Alan"), appeals from an order entered January 3, 2017, by the Circuit Court of Harrison County, Business Court Division. By that order, the court granted summary judgment to the respondents herein and defendants below, Mac's Convenience Stores LLC, d/b/a Circle K; Joyce Sammon; and Louis Diab (collectively, "Mac's"), ruling that W. Va. Code § 47-11A-6(a) (1983) (Repl. Vol. 2015)[1] does not include taxes in the calculation of a retailer's cost under the West Virginia Unfair Practices Act, W. Va. Code § 47-11A-1 *et seq.* On appeal to this Court, Alan assigns error to the circuit court's ruling contending that it should have been permitted to include taxes in its calculation of cost. Upon a review of the parties' arguments, the appendix record, and the pertinent authorities, we find that the circuit court correctly determined that the calculation of a retailer's cost under W. Va. Code § 47-11A-6(a) does not include taxes. Accordingly, we affirm the January 3, 2017, order of the Circuit Court of Harrison County, Business Court Division.

---

[1]The Legislature amended W. Va. Code § 47-11A-6(a) (1983) (Repl. Vol. 2015) in 2016. *See* W. Va. Code § 47-11A-6(a) (2016) (Supp. 2017). Because the events at issue herein occurred before 2016, we apply the version of the statute in effect at that time. For further treatment of both versions of W. Va. Code § 47-11A-6(a), see Section III, *infra*.

# I.

## FACTUAL AND PROCEDURAL HISTORY

Alan is a West Virginia limited liability company that operates three gas stations and convenience stores in Bridgeport, West Virginia. Mac's is a part of an international conglomerate of gas stations and convenience stores and operates one gas station and convenience store in Bridgeport, West Virginia. It is undisputed that both Alan and Mac's are retailers and that they are direct competitors in the Bridgeport gas station and convenience store market. In November 2014, Alan filed suit against Mac's[2] alleging that Mac's had violated the West Virginia Unfair Practices Act, W. Va. Code § 47-11A-1 *et seq.* ("the Act"), by selling gasoline below cost. *See* W. Va. Code § 47-11A-2 (1939) (Repl. Vol. 2015) ("It shall be unlawful for any person, . . . corporation, . . . or other association engaged in business as a retailer . . . within this State, to sell, offer for sale or advertise for sale any article, product or item of merchandise at less than the cost thereof to the vendor . . . for the purposes of unfairly diverting trade from or otherwise injuring one or more competitors, and destroying competition.").[3] *But see* W. Va. Code § 47-11A-8(d) (1939) (Repl. Vol. 2015) ("The provisions of this article shall not apply to any sale made: . . . In an endeavor in good

---

[2]Alan named as defendants the retail gas station and convenience store, itself, Mac's Convenience Stores LLC, d/b/a Circle K; Joyce Sammon, manager of the Bridgeport, West Virginia, Circle K gas station and convenience store; and Louis Diab, Fuel Director for the company's Great Lakes Region, of which the Bridgeport gas station and convenience store is a part.

[3]W. Va. Code § 47-11A-2 (1939) (Repl. Vol. 2015) also has been amended. *See* W. Va. Code § 47-11A-2 (2016) (Supp. 2017). *See also* note 1, *supra.*

faith to meet the legal prices of a competitor as herein defined selling the same article, product or item of merchandise, in the same locality or trade area[.]").[4] Mac's filed an answer denying such allegations or that it had violated the Act, and, by joint motion, the parties moved to refer the action to the Business Court Division, which motion we granted by Administrative Order entered November 9, 2015.

Thereafter, both parties moved for summary judgment seeking a determination as to whether W. Va. Code § 47-11A-6(a) includes taxes within the calculation of a retailer's cost. By order entered January 3, 2017, the circuit court concluded that the calculation of a retailer's cost does not include tax:

> The Court interprets the Act to provide that a retailer's taxes are not included in the calculation of its cost for purposes of the Act. W. Va. Code § 47-11A-6 (1983) directs that calculating cost for a wholesaler includes "the invoice cost of the merchandise to the wholesaler plus applicable taxes . . . .", whereas cost for a retailer omits any mention of "applicable taxes." This difference falls within the maxim *expressio unius est exclusio alterius*. Applying principles of statutory construction, the statute's silence as to "applicable taxes' [*sic*] in the retailer context evidences that the Legislature did not intend for those "taxes" to be included as a retailer's costs. The Court appreciates the Plaintiff's argument that this interpretation thwarts legislative intent by rendering the Act moot in the context of retail gasoline sales due to "cost" being so low; however, this, perhaps unintended, collateral effect should be resolved, if at all, legislatively. Furthermore, the Court

---

[4]The Legislature also has amended W. Va. Code § 47-11A-8 (1939) (Repl. Vol. 2015). *See* W. Va. Code § 47-11A-8 (2016) (Supp. 2017). *See also* note 1, *supra*.

determines that the Legislature did not build a structure within the Unfair Practice[s] Act to determine the inclusion or exclusion of taxes within the cost calculation, depending on when and how taxes are assessed in a particular industry or when assessed by an individual business.

The circuit court then awarded summary judgment to Mac's. From this adverse ruling, Alan appeals to this Court.

## II.

## STANDARD OF REVIEW

Before this Court, Alan contends that the circuit court erred in its interpretation of W. Va. Code § 47-11A-6(a) and by granting summary judgment to Mac's. We previously have held that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995). *Accord* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

With regard to the circuit court's summary judgment ruling, summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." W. Va. R. Civ. P. 56(c). *Accord* Syl. pt. 5,

4

*Wilkinson v. Searls*, 155 W. Va. 475, 184 S.E.2d 735 (1971) ("A motion for summary judgment should be granted if the pleadings, exhibits and discovery depositions upon which the motion is submitted for decision disclose that the case involves no genuine issue as to any material fact and that the party who made the motion is entitled to a judgment as a matter of law."). In other words, "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. pt. 3, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Thus, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). Finally, as with our review of a circuit court's decision of a question of law, we also review anew a circuit court's award of summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter*, 192 W. Va. 189, 451 S.E.2d 755. In view of these standards, we consider the circuit court's order and the parties' arguments with respect thereto.

## III.

## DISCUSSION

At issue herein is whether W. Va. Code § 47-11A-6(a) includes within the calculation of a retailer's cost taxes that the retailer pays upon the acquisition of goods it purchases for resale, such as the motor fuel taxes on gasoline at issue herein, for purposes of determining whether the retailer is selling said item below cost in violation of the Unfair Practices Act. The circuit court determined that taxes are not included in the calculation of a retailer's cost, and Mac's agrees with this conclusion. Alan rejects this reasoning and urges a statutory construction to include such taxes when calculating a retailer's cost.

The subject statute, W. Va. Code § 47-11A-6(a) (1983) (Repl. Vol. 2015),[5] provides as follows:

> (a) The term "cost" when applicable to the business of retailer shall mean bona fide cost and shall mean (i) the invoice cost of the article, product or item of merchandise to the retailer or the replacement cost thereof to the retailer within thirty days prior to the date of sale, offer for sale or advertisement for sale, as the case may be, in the quantity last purchased, whichever is lower, from either of which there shall be deducted all trade discounts, except customary discounts for cash, and (ii) to either of which there shall be added the following items of expense:
>
> > (1) Freight charges not otherwise included in the cost of the article, product or item of merchandise, but which freight charges shall not

---

[5]*See supra* note 1.

be construed as including cartage to retail outlet if done or paid for by the retailer;

(2) A markup to cover, in part, the cost of doing business, which markup in the absence of proof of a lesser cost, shall be seven percent of the aggregate of invoice cost or replacement cost (whichever is used), less trade discounts as aforesaid, and plus said freight charges.

The question we must answer, then, is whether this formula for the calculation of a retailer's cost includes taxes. We conclude that it does not.

When faced with a matter of statutory interpretation, we first must consider the Legislature's intent in enacting the promulgation at issue. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). In other words, "[i]n our review of a statutory provision, it is essential to afford the enactment an interpretation that comports with the intent of the Legislature." *Lowe v. Richards*, 234 W. Va. 48, 55, 763 S.E.2d 64, 71 (2014). Thus, "if the legislative intent is clearly expressed in the statute, this Court is not at liberty to construe the statutory provision, but is obligated to apply its plain language." *Dan's Carworld, LLC v. Serian*, 223 W. Va. 478, 484, 677 S.E.2d 914, 920 (2009). Therefore, "[w]here the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein." Syl. pt.

7

1, *Dunlap v. State Comp. Dir.*, 149 W. Va. 266, 140 S.E.2d 448 (1965).

In reading the plain language of W. Va. Code § 47-11A-6(a) quoted above, it is apparent that the Legislature does not reference or mention taxes in the calculation of a retailer's cost. By contrast, W. Va. Code § 47-11A-6(b) (1983) (Repl. Vol. 2015)[6] specifically references and includes taxes in the calculation of a wholesaler's cost:

> (b) The term "cost" when applicable to the business of a wholesaler shall mean bona fide cost and shall mean (i) the invoice cost of the merchandise to the wholesaler *plus applicable taxes*, or the replacement cost of the merchandise to the wholesaler within thirty days prior to the date of sale, offer for sale or advertisement for sale, as the case may be, in the quantity last purchased, whichever is lower, from either of which there shall be deducted all trade discounts except customary discounts for cash and (ii) to either of which there shall be added the following items of expense:
>
> > (1) Freight charges not otherwise included in the cost of the article, product or item of merchandise, but which freight charges shall not be construed as including cartage to the retail outlet if done or paid for by the wholesaler;
> >
> > (2) A markup to cover, in part, the cost of doing business, which markup in the absence of proof of a lesser cost, shall be four percent of the aggregate of invoice cost or replacement cost (whichever is used), less trade discounts as aforesaid, and plus said freight charges.

(Emphasis added).

---

[6]*See* note 1, *supra.*

The Legislature's intention not to include taxes in the calculation of a retailer's cost is further evidenced by the recent statutory amendments to W. Va. Code § 47-11A-6(a):

> (a) The term "cost" when applicable to the business of retailer shall mean bona fide cost and shall mean: (i) The invoice cost of the product or item of merchandise to the retailer or the replacement cost thereof to the retailer within thirty days prior to the date of sale, offer for sale or advertisement for sale, as the case may be, in the quantity last purchased, whichever is lower, from either of which there shall be deducted all trade discounts, except customary discounts for cash; and (ii) to either of which there shall be added the following items of expense:
>
> > (1) Freight charges not otherwise included in the cost of the article, product or item of merchandise, but which freight charges shall not be construed as including cartage to retail outlet if done or paid for by the retailer;
> >
> > (2) A markup to cover, in part, the cost of doing business, which markup, in the absence of proof of a lesser cost, shall be seven percent of the aggregate of invoice cost or replacement cost (whichever is used), less trade discounts as aforesaid, and plus said freight charges: *Provided, That such a markup to cover the cost of doing business as provided for in this subdivision shall be exclusive of any federal and state motor fuel taxes.*

W. Va. Code § 47-11A-6(a) (2016) (Supp. 2017)[7] (emphasis added). There is simply no indication that the Legislature intended to include taxes within the calculation of a retailer's cost pursuant to W. Va. Code § 47-11A-6(a). Rather, the recent amendments to this section

---

[7]*See supra* note 1.

9

suggest quite the contrary: taxes are *not* included in the calculation of a retailer's cost pursuant to W. Va. Code § 47-11A-6(a). "Courts are not free to read into the language what is not there but rather should apply the statute as written." *State ex rel. Frazier v. Meadows*, 193 W. Va. 20, 24, 454 S.E.2d 65, 69 (1994). Furthermore, "[i]t is not for this Court arbitrarily to read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." Syl. pt. 11, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

Finally, to the extent that the facts of this case present a unique scenario given that the retailers herein sell gasoline, which is subject to state and federal motor fuel taxes, we concur with the circuit court's suggestion that such policy decisions are better suited for legislative consideration and decision. *See* Syl. pt. 2, *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 679 S.E.2d 323 (2009) ("This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*.").

Accordingly, we conclude that W. Va. Code § 47-11A-6(a) (1983) (Repl. Vol. 2015) does not include taxes in the calculation of a retailer's cost, and we affirm the circuit court's ruling in this regard.

## IV.

## CONCLUSION

For the foregoing reasons, the January 3, 2017, order of the Circuit Court of Harrison County, Business Court Division, is hereby affirmed.

Affirmed.