No. 18-0141, *State of West Virginia v. John Henry Hoyle*,

**FILED**
**November 22, 2019**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ARMSTEAD, J., concurring in part and dissenting in part, joined by JENKINS, J.:**

I concur with the majority's decision insofar as it upholds Mr. Hoyle's conviction for second offense failure to register and the sentence imposed for second offense failure to update. However, I dissent to the majority's decision to reverse the circuit court's imposition of a recidivist life sentence.

West Virginia Code §61-11-18 (2000) provides, in pertinent part:

> (c) When it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life.

This statute is clear and unambiguous. It is a long-standing rule of statutory interpretation that this Court is to give plain meaning to a statute, so long as the statute is clear upon its face. "Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed herein" Syl. Pt. 1, *Dunlap v. State Compensation Director,* 149 W.Va. 266, 140 S.E.2d 448 (1965).

However, despite the clear language of our recidivist statute, this Court, for nearly four decades beginning with its opinion in *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981), has issued a number of opinions imposing additional

1

qualifications for imposition of recidivist sentences. In the present case, the majority opinion held that "[f]or purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c), two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) a substantial impact upon the victim such that harm results."[1] Even applying the more stringent standard imposed by the majority here, the failure to register and provide pertinent information as required most certainly creates a serious threat of violence.

As this Court has previously recognized, absent complete and fully accurate information, the Sex Offender Registry fails to serve its intended purpose. *State v. Beegle*, 237 W.Va. 692, 790 S.E.2d 528 (2016). As the State noted, West Virginia's Sex Offender Registration Act ("Act") serves a crucial regulatory purpose—enabling society to protect itself by monitoring the location of sex offenders. Those required to register pursuant to the Act include those who, like the Petitioner in this case, have been convicted of some of the most serious and violent crimes. The Act imposes registration requirements on those who have previously been convicted of such egregious crimes as sexual assault, sexual

---

[1] While the sentencing court considered the Petitioner's 1988 convictions for kidnapping and second degree sexual assault as a single felony conviction, the sexual assault took place in Barbour County, West Virginia and the kidnapping offense took place in Upshur County, West Virginia. Even if, as the sentencing court held, these two offenses arose, "from the same transaction" and are counted as a single felony for purpose of the recidivist statute, the Petitioner was convicted of a felony in 2009 for first offense failure to register as a sex offender, and his 2015 conviction—second offense failure to update— was his third felony offense. Thus, in addition to serious kidnapping and sexual assault convictions, the Petitioner has repeatedly violated the Sexual Offender Registration requirements.

abuse, sexual abuse by a parent, guardian, custodian or person in a position of trust to a child, abduction with intent to defile, filming of sexually explicit conduct of minors, and human trafficking. These crimes involve some of the most serious and violent crimes that are committed in our society, particularly as they relate to children.

Of great concern is the fact that, in addition to the heinous nature of sexually-related offenses, sexual offenders have a greater propensity to reoffend. Indeed the majority, in upholding the enhanced sentence the Petitioner received for second offense failure to update his registry information, acknowledges that sexual offenders "are much more likely than any other type of offender to be rearrested for a new rape or sexual assault."[2] The majority furthers recognized that "sex crimes and sex offender recidivism present real and substantial challenges to law enforcement officers who are charged with protecting the innocent public and preventing crime. **We are aware that sex offenders are significantly more likely than other repeat offenders to reoffend with sex crimes or other violent crimes and the tendency persists over time.**"[3]

The Sex Offender Registry provides law enforcement with crucial information regarding sex offenders who have a high likelihood of recidivism. In addition, it acts as a deterrent for those offenders who are required to provide such information to reoffend by limiting and perhaps reducing the opportunities they have to reoffend. Failure

---

[2] See footnote 36 in the majority opinion.

[3] *Id.* (Emphasis Added).

to register or provide the required information undoubtedly increases the risk that those who have committed violent sexual crimes in the past will engage in future violent acts.

Because I believe the imposition of the life sentence was proper in the case before us pursuant to a clear reading of the recidivist statute, and because the circumstances present in this case involved a risk of threatened violence, I would affirm the life sentence. For these reasons, I respectfully dissent as to the majority's decision to reverse the circuit court's imposition of a recidivist life sentence and concur with the majority in all other respects. I am authorized to state that Justice Jenkins joins in this separate opinion.