STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

STATE OF WEST VIRGINIA EX REL.
CITY OF BRIDGEPORT,
Petitioner

**FILED**

**November 5, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.  No. 18-0457

HONORABLE CHRISTOPHER J. MCCARTHY,
JUDGE OF THE CIRCUIT COURT OF HARRISON COUNTY,
AND MICHAEL A. CRAFT,
Respondents

MEMORANDUM DECISION

The petitioner, the City of Bridgeport ("the City"), by counsel Tamara J. DeFazio, seeks a writ of prohibition to prevent the Circuit Court of Harrison County from enforcing an order entered May 18, 2018. By that order, the circuit court denied the City's motion for summary judgment, concluding that the City is not entitled to immunity in the underlying case. Before this Court, the City argues that the statutory immunity provisions of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1 *et seq.*, apply to preclude liability for the suit filed against the City by the respondent herein, Michael A. Craft ("Mr. Craft"), who is represented by Dino S. Colombo and Travis T. Mohler.

This Court has considered the parties' briefs, oral arguments, and the appendix record. Upon consideration of the standard for the issuance of a writ of prohibition, the Court finds that the City is not entitled to the extraordinary relief it herein seeks. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts of the case *sub judice* are not disputed by the parties. Mr. Craft and another gentleman were both members of the Volunteers in Police Service program

1

("VIPS") for the City of Bridgeport Police Department ("the Department"). VIPS members worked with the Department to provide police escorts for funerals, sporting events, and the like, and to maintain a police presence in the community; to accomplish these functions, VIPS drove the Department's police cars. To become a VIPS member, individuals must complete the City's Citizen's Police Academy; thereafter, the new VIPS members are sworn in by the City's Mayor or his/her designee.

As VIPS, Mr. Craft and the other gentleman ("the driver") were on a patrol, in one of the Department's vehicles, on November 3, 2016. During this patrol, the driver crashed the vehicle into a tree. While both of the car's occupants survived the accident, Mr. Craft sustained severe injuries that ultimately resulted in the amputation of his left leg below the knee. As members of the VIPS program, both Mr. Craft and the driver were subject to the provisions of the City's Volunteers In Police Service Policy and Procedure Handbook ("the Handbook"). With respect to the patrols conducted by the VIPS, the Handbook provided that "Patrols will normally be made using an official vehicle, however foot patrols are authorized. Vehicular patrols will be two person manned unless otherwise directed."

Thereafter, Mr. Craft filed the instant suit against the City in the Circuit Court of Harrison County claiming that he was injured as a result of the negligent operation of a motor vehicle by an employee[1] of the City, *i.e.*, the driver. Pursuant to W. Va. Code §

---

[1]For purposes of the West Virginia Governmental Tort Claims and Insurance Reform Act (hereinafter "the Act"), the term

> "[e]mployee" means an officer, agent, employee, or servant, whether compensated or not, whether full-time or not, who is authorized to act and is acting within the scope of his or her employment for a political subdivision. "Employee" includes any elected or appointed official of a political subdivision. "Employee" does not include an independent contractor of a political subdivision.

W. Va. Code § 29-12A-3(a). *See also* W. Va. Code § 29-12A-3(d) (defining "scope of employment" to mean "performance by an employee acting in good faith within the duties of his or her office or employment or tasks lawfully assigned by a competent authority but does not include corruption or fraud"). The parties do not dispute that the driver, who was a VIPS with Mr. Craft, was an employee of the City acting within the scope of his employment at the time of the subject accident. Nevertheless, Mr. Craft did not name the driver as a defendant in his suit against the City, presumably because such practice is prohibited by the Act. *See* W. Va. Code § 29-12A-13(b) ("Suits instituted

2

29-12A-4(c)(1), and subject to certain other statutory provisions, a political subdivision is liable for injuries or loss resulting from the negligent operation of a motor vehicle by its employees while they are acting within the scope of their employment. The City responded by claiming that it is immune from liability under the Act pursuant to W. Va. Code § 29-12A-5(a)(4), which provides immunity to a political subdivision regarding the adoption, or failure to adopt, a rule, regulation, or other such written policy.

Both parties then moved for summary judgment. By order entered May 18, 2018, the circuit court denied the City's motion for summary judgment but did not rule on Mr. Craft's motion for summary judgment. In rendering its decision, the circuit court ruled that "W. Va. Code § 29-12A-5(a)(4), as it concerns the City of Bridgeport's 'two-person' VIP[S] policy, does not provide the City of Bridgeport immunity for negligent acts of its employees under the facts of the instant case." Following this adverse ruling, the City filed the instant petition for writ of prohibition in this Court requesting that we preclude the circuit court from enforcing its order denying the City immunity under the facts of this case.

Our consideration of the instant proceeding is guided by many principles. First, the City moved the circuit court for summary judgment based upon its claim that it is immune from suit for Mr. Craft's injuries. With regard to immunity claims, we previously have recognized that

> [a]n assertion of . . . immunity should be heard and resolved prior to any trial because, if the claim of immunity is proper and valid, the very thing from which the defendant is immune – a trial – will absent a pretrial ruling occur and cannot be remedied by a later appeal.

*Hutchison v. City of Huntington*, 198 W. Va. 139, 149 n.13, 479 S.E.2d 649, 659 n.13 (1996). *Accord Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985) ("The entitlement [not to stand trial] is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." (emphasis in original)); *Hutchison*, 198 W. Va. at 148, 479 S.E.2d at 658 ("Immunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all. The very heart of the immunity defense is that it

pursuant to the provisions of this article shall name as defendant the political subdivision against which liability is sought to be established. In no instance may an employee of a political subdivision acting with the scope of his employment be named as a defendant.").

3

spares the defendant from having to go forward with an inquiry into the merits of the case[.]" (citation omitted)).  In this vein, we specifically have held that

> [t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine.  Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition.

Syl. pt. 1, *Hutchison*, 198 W. Va. 139, 479 S.E.2d 649.

Next, following the circuit court's denial of the City's motion for summary judgment, the City sought prohibitory relief from this Court.  We previously have held that

> "[p]rohibition is a preventive remedy.  One seeking relief by prohibition in a proper case is not required, as a prerequisite to his right to resort to such remedy, to wait until the inferior court or tribunal has determined the question of its jurisdiction, or to wait until the inferior court or tribunal has taken final action in the matter in which it is proceeding or about to proceed."  Syl. pt. 5, *State ex rel. City of Huntington v. Lombardo*, 149 W. Va. 671, 143 S.E.2d 535 (1965).

Syl. pt. 3, *Hechler v. Casey*, 175 W. Va. 434, 333 S.E.2d 799 (1985).  Generally, "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers."  Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).  The City herein does not claim that the circuit court lacked jurisdiction in the underlying proceedings but, rather, that the court exceeded its legitimate powers by finding the City is not immune from the subject suit brought against it by Mr. Craft.  In this context, we have held as follows:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ

4

has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger,* 199 W. Va. 12, 483 S.E.2d 12 (1996).

Finally, because the pivotal issue to be decided herein involves the application of statutory law to the facts before us, we employ a plenary review. "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

The case *sub judice* is before this Court upon the City's petition for a writ of prohibition in which the City seeks to prevent the circuit court from enforcing its summary judgment order rejecting the City's immunity claim. In essence, the City argues that it is entitled to immunity under W. Va. Code § 29-12A-5(a)(4) because Mr. Craft would not have been riding in the subject vehicle, been involved in the ensuing motor vehicle accident, and sustained his injuries had it not been for the City's adoption of its policy requiring VIPS to have two people in the vehicle during patrols. The City additionally argues that the circuit court erred by failing to include sufficient findings of fact in its order denying the City's motion for summary judgment. Finally, the City contends that this case is proper for extraordinary relief insofar as the protections afforded to a political subdivision through immunity contemplate sparing it from the burden of undergoing a trial.

By contrast, Mr. Craft argues that he is not basing his claim for relief upon the City's adoption of the VIPS patrol policy, but, rather, upon the driver's negligent operation of a motor vehicle while he was an employee of the City as contemplated by W. Va. Code § 29-12A-4(c)(1). Moreover, Mr. Craft disputes the City's suggestion that

5

the circuit court's order was factually insufficient insofar as the order considers the parties' arguments and provides the basis for the circuit court's ruling.

At issue herein is the construction to be afforded to the two statutory provisions upon which the parties rely: W. Va. Code § 29-12A-4(c)(1) and W. Va. Code § 29-12A-5(a)(4). Before reaching the statutory language at issue and the parties' arguments with regard thereto, it first is necessary to consider the rules that govern our review of statutes. Our canons of statutory construction require us to look first to the statute's language to determine the legislative intent. Thus, "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). We next consider the clarity of the legislative intent and whether the language employed by the Legislature is plain. "[I]f the legislative intent is clearly expressed in the statute, this Court is not at liberty to construe the statutory provision[.]" *Dan's Carworld, LLC v. Serian*, 223 W. Va. 478, 484, 677 S.E.2d 914, 920 (2009). *Accord* Syl. pt. 1, *Dunlap v. State Comp. Dir.*, 149 W. Va. 266, 140 S.E.2d 448 (1965) ("Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein."). Furthermore, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951). *Accord* Syl. pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). We now turn to the statutes controlling our decision of the instant proceeding.

The West Virginia Governmental Tort Claims and Insurance Reform Act ("the Act"), W. Va. Code § 29-12A-1 *et seq.*, of which the statutes at issue herein are a part, has as "[i]ts purposes . . . to limit liability of political subdivisions and provide immunity to political subdivisions in certain instances and to regulate the costs and coverage of insurance available to political subdivisions for such liability." W. Va. Code § 29-12A-1. The City is a political subdivision within the definition of the Act, and, as such, the City is entitled to the protections of the Act. *See* W. Va. Code § 29-12A-3(c) (defining "political subdivision" to include "any . . . municipality"). *See also* W. Va. Code § 29-12A-3(b) (defining "municipality" as "any incorporated city, town or village and all institutions, agencies or instrumentalities of a municipality").

6

Despite the Act's limitation of a political subdivision's liability, W. Va. Code § 29-12A-4(c)(1), upon which Mr. Craft bases his claim for relief, provides that,

> [s]ubject to sections five [§ 29-12A-5][2] and six [§ 29-12A-6][3] of this article, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1) Except as otherwise provided in this article, political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any vehicle by their employees when the employees are engaged within the scope of their employment and authority.

(Footnotes added). We find this statutory language to be plain, and, thus, not subject to further interpretation as to its meaning. Before we can determine whether the circuit court properly applied this provision to the facts of the case *sub judice*, however, we also must consider the immunity afforded by W. Va. Code § 29-12A-5(a)(4), upon which the City bases its claim for relief.

As noted above, the liability imposed by W. Va. Code § 29-12A-4(c)(1) is limited by the immunity afforded by W. Va. Code § 29-12A-5(a)(4). Specifically, W. Va. Code § 29-12A-5(a)(4) provides that "[a] political subdivision is immune from liability if a loss or claim results from . . . [a]doption or failure to adopt a law, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy[.]" We likewise find this statutory language to be plain and in need of no further interpretation. Having determined that the meaning of both statutory provisions at issue herein is plain, we proceed to consider the parties' arguments with respect to these statutes.

---

[2]W. Va. Code § 29-12A-5 recognizes instances in which a political subdivision is immune from liability.

[3]W. Va. Code § 29-12A-6 refers to "limitation of actions" under the Act, *i.e.*, the time periods within which suit must be filed against a political subdivision thereunder.

Applying both of these statutory provisions to the case *sub judice*, we conclude that the circuit court did not err when it determined that the City is not immune from Mr. Craft's suit. While the City is correct that immunity is afforded to it when the claim for liability is based upon its adoption, or failure to adopt, a policy, regulation, or the like, the City is not entitled to immunity when no such claim invoking its rule-making authority has been made against it. Here, Mr. Craft did not base his lawsuit against the City on its adoption of the VIPS policy that requires vehicular patrols to have two people in the car; in fact, he did not even reference this policy in his complaint. Rather, Mr. Craft based his claim against the City on the premise that the City is liable for injuries caused by the negligent operation of a motor vehicle by its employees who are engaged in the scope of their employment pursuant to W. Va. Code § 29-12A-4(c)(1).[4] In this regard, Mr. Craft averred that,

> [p]ursuant to W. Va. Code § 29-12A-4(c)(1), Defendant City of Bridgeport is liable to the Plaintiff [Mr. Craft] for the injuries, losses, and damages caused by the acts and omissions of [the driver] as an "employee" of the political subdivision pursuant to W. Va. Code § 29-12A-3, and specifically for the injuries, losses, and damages caused by the negligent operation of the subject SUV by [the driver] within the scope and authority of his employment.

Thus, it is abundantly clear that Mr. Craft is not alleging that he was injured as a result of the City's adoption of the subject VIPS vehicular patrol policy, but, rather, because the driver, who was an employee of the City acting in the scope of his employment, negligently operated a motor vehicle. As such, the City is potentially liable for Mr. Craft's injuries pursuant to W. Va. Code § 29-12A-4(c)(1) and is not entitled to the immunity afforded by W. Va. Code § 29-12A-5(a)(4). Accordingly, we find that the circuit court did not err in finding the City is not immune from the claims asserted against it by Mr. Craft. Furthermore, we conclude that the circuit court set forth sufficient findings of fact in its order to support such ruling. Therefore, for the foregoing reasons, the writ of prohibition requested by the City to prohibit the enforcement of the circuit court's order is hereby denied.

---

[4]Mr. Craft also based his claim for relief on the driver's violation of various safety statutes which are not at issue in the instant proceeding. *See generally* W. Va. Code § 17C-6-1(a) (limiting vehicle speed) and W. Va. Code § 17C-7-9 (imposing rules for driving on laned roads).

Writ Denied.

**ISSUED:** November 5, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell, sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins


Justice Allen H. Loughry II, suspended and therefore not participating